IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TYRRELL L. JONES EILAND,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SCOTT D. PULSIPHER, President Western Governors University, et. al.**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No: 2:20-cv-00743<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

On February 5, 2021, the District Court adopted the undersigned's Recommendation to dismiss Plaintiff's complaint. (ECF No. 9.) On that same day judgment was entered, and Plaintiff's case was closed. (ECF No. 19.) Currently pending is Plaintiff's Motion to Reopen his case filed on April 25, 2022.[1] (ECF No. 11.)

A litigant who seeks reconsideration by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after entry of the final judgment should be considered pursuant to Rule 60(b). *See id.* as 1243. Here, Plaintiff's Motion to Reopen was filed over a year after judgment was entered and the motion is considered under Fed. R. Civ. P. 60(b).

---

[1] Plaintiff does not cite any rules or other legal authority as support for his Motion to Reopen.

If raised within a "reasonable time[,]" Rule 60(b) of the Federal Rules of Civil Procedure allows a court to grant relief from a final judgment for a number of reasons, including "mistake, inadvertence, surprise, [ ] excusable neglect" or "any other reason that justified relief." Fed. R. Civ. P. 60(b)(1-6). Relief under Rule 60 is "extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.,* 490 F.3d 1224, 1229 (10th Cir. 2007) (internal citation omitted); *see also Massengale v. Oklahoma Bd. of Examiners in Optometry,* 30 F.3d 1325, 1330 (10th Cir. 1994).

Even considering Plaintiff's pro se motion liberally, the court concludes that Plaintiff fails to meet Rule 60(b) standards. Plaintiff offers no exceptional circumstances to reopen the case other than the fact that he "has made countless attempts to resolve any matters with defendant directly and has been unsuccessful." (*Id.*) Further, judgment was entered over a year ago and Plaintiff's request wasss not raised within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

## RECOMMENDATION

Accordingly, for these reasons this court RECOMMENDS that Plaintiff's Motion to Reopen the case be DENIED and that the above-entitled action remain CLOSED.

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of his right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28 April 2022.

_____
Dustin B. Pead
United States Magistrate Judge