THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TYRRELL L.J. EILAND,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SCOTT D. PULSIPHER,<br><br>　　　　　　Defendants. | **ORDER ADOPTING [13] REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-743<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on a Report and Recommendation[1] issued by United States Magistrate Judge Dustin B. Pead, recommending that the court deny Plaintiff's motion to reopen his case.[2] Plaintiff filed a timely objection on May 9, 2022.[3] Therefore, the court reviews Plaintiff's motion de novo.[4]

　　　　Plaintiff filed a complaint on October 29, 2020, claiming that Defendant had discriminated against him while he was a full-time university student.[5] Because Plaintiff proceeded in forma pauperis,[6] Judge Pead conducted a mandatory review of his complaint pursuant to 28 U.S.C. § 1915(e). In a Report and Recommendation issued on January 19, 2021, Judge Pead recommended that the complaint be dismissed without prejudice due to Plaintiff's failure to comply with federal pleading requirements or sufficiently state a claim for relief after

---

[1] ECF No. 13, filed April 13, 2022.

[2] ECF No. 11.

[3] ECF No. 15.

[4] *See Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998).

[5] ECF No. 3 at 4.

[6] *See* ECF No. 2.

receiving additional time to file an amended complaint.[7] Plaintiff filed no objections, and the court adopted the Report and Recommendation in its entirety, and entered judgment against Plaintiff, on February 5, 2021.[8] Over a year later, Plaintiff filed a motion to reopen his case, which was referred to Judge Pead.[9]

In his current Report and Recommendation, Judge Pead concluded that reopening Plaintiff's case under Federal Rule of Civil Procedure 60(b) was not appropriate because Plaintiff failed to show "exceptional circumstances" warranting such relief.[10] According to Judge Pead, Plaintiff did no more than claim that his efforts to resolve his claims outside of court since his case was dismissed had been unsuccessful.[11]

Although Plaintiff has technically filed an objection, he has made no specific argument opposing Judge Pead's conclusions. Instead, he again argues that reopening his case is warranted because his attempts to resolve his claims outside of court have been unsuccessful.[12] He also asserts that personal hardships have prevented him from continuing to pursue his claims until now.[13]

Although Plaintiff is proceeding pro se, and the court is sympathetic to the hardships he has experienced over the last couple of years, Plaintiff has simply failed to show that he is entitled to the extraordinary remedy of receiving relief from the judgment previously entered against him. A motion to reopen under Rule 60(b) can be granted only "in exceptional

---

[7] ECF No. 8 at 1.
[8] ECF Nos. 9, 10.
[9] ECF No. 11.
[10] ECF No. 13 at 2.
[11] *Id.*
[12] ECF No. 15 at 1.
[13] *Id.*

circumstances,"[14] such as when new evidence has been discovered, it comes to light that the opposing party engaged in fraud or other misconduct, or there is evidence that the judgment is void.[15] Plaintiff's personal circumstances and lack of legal expertise simply render his attempts to assert his claims more difficult, but they do not constitute "exceptional circumstances." Therefore, the court agrees with Judge Pead that Plaintiff's motion to reopen must be denied.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's objection to Judge Pead's Report and Recommendation is OVERRULED, and the Report and Recommendation is ADOPTED IN ITS ENTIRETY. Accordingly, Plaintiff's motion to reopen is DENIED.

Signed May 31, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[14] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

[15] Fed. R. Civ. P. 60(b).